Speir, J.
The question in the case is, was the receipt, received by the plaintiff, taken by him as a contract between the parties ? The jury were charged that if he did not accept it as a contract, and was not bound so to accept it, he was entitled to recover the full value of the property, and if he received it as a contract between them, then he can recover only the limited sum and interest. There is no positive evidence that the parties directly assented that the paper was to be • taken as a contract, and the point is, do the facts and ' circumstances show that the plaintiff knew or should have known that it was more than a mere receipt, but an implied contract, the terms of which he should have informed himself.
It is apparent from the plaintiff’s testimony that he was acquainted with the nature of express receipts, that he had traveled upon railroads and boats, and received receipts for packages and freight, and that he had received receipts similar to the one given him. This would show that he had or ought to have knowledge that the receiving of packages or freight by express, or the common carrier, must be in writing. The terms for carrying vary as to distances to be carried, weight, quality, and character of the property to be carried. The business itself implies an express contract, the terms of which are to be ascertained. In such a case the party is bound to- treat the paper as a contract when he takes it, and must be assumed to do so. But in the case of carrying a trunk from a railway station to one’s residence, by express, and delivering into the hands of an agent a check containing the number, and receiving a receipt, does not necessarily imply terms of limitation to be set down in writing. It may be an implied contract, and it might or it might *363 not contain terms of limitation. In such a case a person to whom the receipt is delivered, is not obliged, as matter of law, to make himself acquainted with its terms, and bound by them as if he had done so. This distinction is taken and clearly expressed in a recent-case, decided in May, 1876 (Parker v. The South Eastern R. Co., Law and Equity Reporter, vol. 12, p. 12). From the defendant’s using a lantern to write what he did, it is pretty evident that the light in the car was not sufficient to read by (Blossom v. Dodd, 43 N. Y. 264). Although this is not conclusive evidence that the plaintiff might not have read the paper had he tried to do so, there was nothing in the transaction which obliged him to make himself acquainted with its terms. There was not evidence enough to show that the plaintiff must have known, or ought to have known that the receipt contained some agreement which limited defendant’s liability. As the common law liability cannot be restricted by notice merely, the question of knowledge was properly left to the jury. The learned judge in terms charged if the plaintiff accepted the receipt as a contract, he was bound by it whether he knew it or not. The defendant relies upon the cases of Grace v. Adams (100 Mass. 560), and Van Toll v. The S. E. R. Co. (104 Eng. Com. Law R. 75), to show that parties are bound by such receipts. In the first case it was held from the nature of the transaction the party was presumed to have assented to the terms although he had not read the paper. In the other case there was evidence that the plaintiff assented to the terms.
The judgment and order appealed from must be affirmed, with costs.